UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ABDUL QUDUS ANWAR SHAH,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-613-CCB-SJF

## OPINION AND ORDER

Immigration detainee Abdul Qudus Anwar Shah, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition. ECF 9. Though Anwar Shah has not filed a reply, the time to do so has now expired. ECF 4. The petition is ready to be decided.

## BACKGROUND

Anwar Shah is a citizen of Burma who entered the United States in 2015. ECF 9-1 at 4-7. On October 26, 2021, he was convicted of sexual assault in Wisconsin, and he served a sentence of incarceration. *Id.* On October 7, 2025, Anwar Shah was transferred into immigration detention. *Id.* at 8. On October 24, 2025, an immigration judge ordered him removed to Burma. *Id.* at 2-3. He currently remains in immigration detention at the Miami Correctional Facility. ECF 1.

In response to the habeas petition, the respondent represents that the government intends to remove Anwar Shah to Burma. ECF 9 at 2. He further represents that the government is still obtaining travel documents. *Id.*

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Anwar Shah's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Anwar Shah's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Anwar Shah ended in January 2026, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

2

authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Anwar Shah has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Burma as the only country under consideration for removal. Anwar Shah's immediate period of detention now spans more than eight months with no indication that the government has taken any measures to effectuate his removal to Burma. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Anwar Shah's removal to Burma in the reasonably foreseeable future.

3

To rebut this showing, the respondent offers the representation that the government is still obtaining travel documents. This vague, unsworn representation does not persuade the court that Anwar Shah's removal is likely to occur within the reasonably foreseeable future. It does not identify any specific measures taken by the government to effectuate Anwar Shah's removal. It also does not offer any explanation as to why the travel documents have not yet been obtained after eight months of post-removal order detention. Additionally, the respondent provides no insight into when the government might receive a response from Burma or the likelihood that Burma will issue a travel document to Anwar Shah. Consequently, the court finds that the respondent has not adequately demonstrated that Anwar Shah's removal to Burma is reasonably foreseeable. Therefore, the respondent must release Anwar Shah.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 2) and **ORDERS** the respondent to release Abdul Qudus Anwar Shah on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **July 6, 2026**; and

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED on July 2, 2026

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4